IN RE DR. MOISÉS RAMÍREZ, ALCALDE DE CABO ROJO, peticionario, *v.* HON. JAMES R. BEVERLEY, GOBERNADOR DE PUERTO RICO, demandado.

No. 845.—*Sometido:* Junio 20, 1932.—*Resuelto:* Diciembre 23, 1932.

*L. Tormes García,* abogado del peticionario; *Hon. Attorney General Charles E. Winter* y *T. Torres Pérez,* Subprocurador, abogados del demandado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La ley No. 53 de 1928 (p. 335) dispone en su sección 11 lo siguiente:

"Cuando en algún municipio ocurrieren fricciones continuas entre la asamblea y el alcalde, a tal extremo que el crédito municipal y los asuntos públicos sufrieren graves demoras o perjuicios, el alcalde o la

asamblea podrá acudir al Gobernador en demanda de que ordene una investigación que, en este caso, será practicada por la oficina del Auditor de Puerto Rico.

"Este funcionario rendirá un informe que será sometido a una comisión compuesta de tres miembros del Senado que designe el Presidente, uno de los cuales representará las minorías. Esta comisión tendrá autoridad bastante para recomendar al Gobernador que declare vacante el cargo de alcalde o el de cualquier número de miembros de la asamblea y que proceda al nombramiento de los funcionarios sustitutos por el término y en la misma forma que se dispone en esta Ley para cuando ocurran vacantes en los referidos cargos. La Comisión no adoptará resolución alguna hasta después de celebrarse una vista donde todas las partes interesadas puedan ser oídas y tengan derecho para presentar prueba sobre las cuestiones envueltas. La resolución del Gobernador podrá ser revisable por *certiorari*."

Amparándose en ese precepto legal cuatro de los siete miembros que constituyen la Asamblea Municipal de Cabo Rojo dirigieron una comunicación escrita al Gobernador de esta Isla exponiendo que la situación prevaleciente en aquel municipio por las constantes fricciones entre el alcalde Sr. Moisés Ramírez y la asamblea municipal hacían necesaria su intervención para que al fin reinase la marcha tranquila en aquel municipio y señalaron ciertos actos del alcalde como productores de tal situación. Practicada por el Auditor de Puerto Rico la investigación de los hechos que ordena la ley, fué remitida al presidente del Senado, quien nombró una comisión compuesta de tres senadores, la que después de practicar una investigación en audiencia pública informó al Gobernador que entre la Asamblea Municipal de Cabo Rojo y el alcalde de ese municipio existían serias fricciones perjudiciales al crédito municipal y a los intereses públicos de dicho pueblo de las que el único responsable es el alcalde y recomendó al Gobernador que declarase vacante el cargo de alcalde municipal de Cabo Rojo. Fundándose en ese informe y recomendación que contiene, el Gobernador declaró vacante el expresado cargo. Contra esa resolución se interpuso el presente recurso de *certiorari* por el alcalde Ramírez.

Uno de los motivos en que se funda este recurso es que no existiendo acuerdo alguno de la asamblea municipal haciendo constar la existencia de tales fricciones, caos administrativo y pérdida del crédito del municipio de Cabo Rojo, ni el Senado de Puerto Rico ni el Gobernador de esta Isla han tenido jurisdicción en este asunto y por tanto no podía dictarse la resolución que ha sido impugnada.

 Según la ley el alcalde o la asamblea municipal puede acudir al Gobernador en demanda de que se ordene una investigación en casos como el presente. No existe acuerdo alguno de la asamblea municipal de Cabo Rojo para acudir al Gobernador por las fricciones existentes entre el alcalde y ella. Sólo existe la petición individual de cuatro de sus asambleístas pero los actos que realicen individualmente personas que pertenezcan a la asamblea municipal no son los actos de la asamblea municipal. En 2 McQuillin, Municipal Corporations, primera edición, págs. 1266–1267, se dice que la existencia de un concejo o cuerpo gubernamental es una junta o entidad cuyos miembros no pueden realizar acto válido alguno a no ser actuando como junta, citando muchas decisiones en apoyo de ese principio. El término "asamblea" citado en la ley con relación a "municipio" quiere decir "asamblea municipal", la que actúa mediante acuerdos. Si el legislador hubiera querido que la denuncia pudiera ser hecha individualmente por miembros de la asamblea, lo hubiera así expresado. En este caso la Asamblea Municipal de Cabo Rojo como tal cuerpo nada ha solicitado del Gobernador, y como los actos individuales de los asambleístas no son los actos de la asamblea, hay que llegar a la conclusión de que faltando la queja o demanda de la asamblea municipal al Gobernador, todo lo actuado se hizo sin jurisdicción y por este motivo *debe anularse la resolución recurrida.*